UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM V. ATKINS ) | |
| ) | |
| v. ) | NO. 2:07-CV-67 |
| ) | |
| TAKOMA HOSPITAL, DR. PICKSTOCK, ) | |
| DR. BRIDGES, and DR. NAZERAN ) | |

**MEMORANDUM and ORDER**

William V. Atkins, a prisoner in the Greene County Detention Center, brings this *pro se* civil rights complaint for damages and injunctive relief under 42 U.S.C. § 1983. The defendants are three local physicians and the hospital which allegedly employs them.

In his complaint, plaintiff alleges that, on March 8, 2006, he was taken to Takoma Hospital for treatment for a severe arm infection. Before he signed the paperwork preceding his hospital admission, plaintiff was told that his patient's rights were protected from anyone who was not affiliated with the hospital. Plaintiff, who was wanted for a violation of his probation, was discharged from the hospital four days later. Defendants notified the authorities of his discharge. (Reading between the lines, plaintiff's current incarceration may be connected to the claimed notification.) Plaintiff asserts that defendants' conduct violated his patient-doctor-hospital rights.

Though not explicitly stated, the Court infers that plaintiff is implying that the complained of actions were taken in violation of his rights under HIPPA (Health Insurance

Portability and Accountability Act of 1996). In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164. However, HIPPA regulations do not confer a private right of action on an individual. Plaintiff's only redress for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. *See* 45 C.F.R. § 160.306. For these reasons, plaintiff fails to state a claim against these defendants for the alleged infringement of his HIPPA privacy rights.

Furthermore, plaintiff's claim cannot proceed as a constitutional tort either. To state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right, privilege, or immunity secured by the Constitution or laws of the United States and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). The second element is missing here because plaintiff has made no allegations to satisfy the "state actor" element of a valid § 1983 claim against these defendants.

Finally, plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

A separate order of dismissal will enter.

ENTER:

s/ Leon Jordan
United States District Judge

---

[1] Send the payments to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.